IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOMINIK ELLIS | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-13-3841 |
| MARYLAND PAROLE COMMISSION | * | |
| Respondent | * | |

***

# MEMORANDUM

Respondent has filed an answer to the above-captioned petition for writ of habeas corpus seeking dismissal of this matter as unexhausted. ECF No. 5. For the reasons that follow, the petition shall be dismissed without prejudice.

Petitioner Dominik Ellis ("Ellis") alleged he was being held in the custody of the Maryland Department of Public Safety and Correctional Services (DPSCS) unlawfully because he had not been provided a parole revocation hearing in a timely manner. ECF No. 1 and 3. He states he was held in custody beginning November 12, 2013; and was provided a "law hearing" on November 25, 2013, during which he pled not guilty to parole violation allegations. He claims he was told he would be provided a hearing date within seven to ten business days, but had not received a hearing as of the date he filed the instant petition in this court. ECF No. 1. Ellis seeks a parole revocation hearing as relief. *Id*. and ECF No. 3.

The claims presented by Ellis involve questions of state law making the petition subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the

exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondent asserts that the only state claim raised by Ellis involved a petition filed with the Circuit Court for Baltimore County on November 7, 2013, which raised claims regarding his bail status while incarcerated at the Baltimore County Detention Center. ECF No. 5 at Ex. 2. That petition was denied on January 13, 2014. *Id*. Ellis did not file a claim in state court regarding the delay in his parole revocation hearing and, in any event, he received a parole revocation hearing before Commissioner Reynolds of the Maryland Parole Commission on January 27, 2014. *Id*. at Ex. 1. At that hearing, the retake warrant issued by the Commission was recalled based on the fact that Ellis was currently being held on bail for pending charges in Baltimore County. *Id*.

As it is clear that Ellis did not exhaust his claim regarding the delay in a parole revocation hearing with the Maryland state courts, the instant petition must be dismissed without

2

prejudice. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Ellis has not demonstrated a basis for the issuance of a certificate of appealability.

    A separate order follows.

__ April 2, 2014_____       _____/s/_____
Date      J. Frederick Motz
     United States District Judge